UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR HORN,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>    Defendant. | Case No.   1:23-cv-01017-JLT-EPG<br><br>ORDER APPROVING, IN PART, PROPOSED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 17) |

    This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 17). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information or items" to mean "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement." (*Id.* at 4) (alterations to capitalization and punctuation). Such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection under Federal Rule of Civil Procedure 26(c) and without ever disclosing the types of information at issue as required by Local Rule 141.1(c)(1).

    However, the parties also reference the Good Cause Statement in the proposed order as containing information they deem confidential, which statement discusses, among other things, policies regarding security of merchandise, employee records, and its business practices. (ECF

No. 17, pp. 2-4). Accordingly, the Court will limit the parties' definition of confidential information to that information contained in the section of the protective order titled, "Good Cause Statement." (*Id.*).

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 17, p. 8; ECF No. 16, pp. 3-4 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 17) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated: **October 6, 2023**         /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE